IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALAN WASHINGTON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:16-CV-2935-L-BT |
| | § | |
| LORIE DAVIS, Director TDCJ-CID | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow.

## I. Procedural Background

Petitioner filed this petition for writ of habeas corpus under 28 U. S. C. § 2254. For the foregoing reasons, the Court recommends that the petition be denied.

Petitioner challenges his conviction for murder. *State of Texas v. Alan Washington*, No. F-12-57841-R (265th Dist. Ct., Dallas County, Tex., May 2, 2014). The jury sentenced him to sixty years in prison. On July 10, 2015, the Fifth District Court of Appeals affirmed Petitioner's conviction and sentence.

*Washington v. State*, No. 05-14-00604-CR (Tex. App. – Dallas, 2015). On August 18, 2015, the Court of Criminal Appeals granted Petitioner an extension of time to file a petition for discretionary review ("PDR"). PDR No. 1070-15. Petitioner did not file a PDR.

On July 14, 2016, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Washington*, Application No. 85,471-01. On August 24, 2016, the Court of Appeals denied the petition without written order on the findings of the trial court without a hearing.

On October 13, 2016, Petitioner filed his § 2254 petition. On November 1, 2016, he filed an amended petition. He argues:

1.    The state court abused its discretion when it denied his habeas petition;

2.    He received ineffective assistance of appellate counsel when counsel failed to argue that his motion for new trial was pending;

3.    He received ineffective assistance of state habeas counsel when counsel failed to properly complete all sections of the habeas form; and

4.    The trial court granted his motion for new trial, but he has not received a new trial.

On September 15, 2017, Respondent filed her answer. Petitioner did not file a reply.

## II. Discussion

### 1.    Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of

1996 (the AEDPA), 28 U. S. C. § 2254 provide:

> (d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U. S. C. § 2254(d). Under the "contrary to" clause, a federal habeas court

may grant the writ of habeas corpus if the state court arrives at a conclusion

opposite to that reached by the United States Supreme Court on a question of law

or if the state court decides a case differently from the United States Supreme

Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U. S.

362, 380-84 (2000). Under the "unreasonable application" clause, a federal court

may grant a writ of habeas corpus if the state court identifies the correct

governing legal principle from the United States Supreme Court's decisions, but

unreasonably applies that principle to the facts of the prisoner's case. *Id.*

3

## 1.    Non-Cognizable Claim

Petitioner argues the state court abused its discretion when it denied his habeas petition. Petitioner's claim challenging the state habeas process does not state a claim for federal habeas relief. *See Rudd v. Johnson*, 256 F. 3d 317, 319-20 (5th Cir. 2001) (recognizing established precedent dictates that "infirmities in state habeas proceedings do not constitute grounds for relief in federal court"); *Moore v. Dretke*, 369 F. 3d 844, 846 (5th Cir. 2004) (per curiam) (stating federal habeas relief is not available based on state habeas court's misapplication of its own procedural rules). Petitioner's claim should be denied.

## 2.    Procedural Bar

Respondent argues that Petitioner's ineffective assistance of counsel claims are procedurally barred because Petitioner failed to raise these claims in state court.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U. S. C. § 2254(b). This requires a petitioner to present his claims to the highest available state court for review. *Carter v. Estelle*, 677 F. 2d 427, 443 (5th Cir. 1982); *O'Sullivan v. Boerckel*, 526 U. S. 838, 844–45 (1999). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *Bautista v. McCotter*, 793 F. 2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F. 2d 429, 432 (5th Cir. 1985).

Here, Petitioner failed to exhaust his ineffective assistance of counsel claims in state court. Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F. 3d 517, 523-524 (5th Cir. 2008) (citing *Coleman v. Thompson*, 501 U. S. 722, 750 (1991)).

Petitioner has stated no cause for his failure to present these claims to the Texas Court of Criminal Appeals. He also has failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F. 3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup v. Delo*, 513 U. S. 298, 327 (1995)). Petitioner has failed to present any new, reliable evidence showing that it is more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

3.    **New Trial**

Petitioner claims the trial court granted his motion for new trial, but the court has failed to provide him a new trial. Petitioner raised this claim on state habeas review. The trial judge submitted an affidavit stating that although he checked the box that said "granted" on Petitioner's motion for new trial, this was a clerical error. (ECF No. 17-11 at 49.)  The trial judge stated, "I intended to check the 'overruled' box on the Motion for New Trial." (*Id.*)  Petitioner has failed to show that the state court's denial of this claim was unreasonable.

4.    **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally-protected interest. Accordingly, the state courts' decisions to deny relief are not contrary to or do not involve an unreasonable application of clearly established federal law and are not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## III. Recommendation

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U. S. C. § 2254 be DENIED with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed March 2, 2018.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).