IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALAN WASHINGTON, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:16-CV-2935-L-BT** |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

# ORDER

The case was referred to United States Magistrate Rebecca Rutherford, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on March 2, 2018, recommending that the court dismiss with prejudice this habeas action. Specifically, the magistrate determined that: (1) Petitioner's first claim that the state court abused its discretion in denying his state habeas petition is not cognizable as a claim for federal habeas relief; (2) Petitioner's second and third claims based on ineffective assistance of counsel are procedurally barred; and (3) Petitioner has not shown with respect to his fourth claim that the state court's denial of his motion for new trial was unreasonable.

No objections to the Report were filed, although Petitioner was granted an extension to May 9, 2018, to file his objections. Because the basis for the magistrate judge's determination that Petitioner's second and third habeas claims is not readily apparent, the court supplements herein this finding and conclusion by the magistrate judge. Dismissal with prejudice of a petitioner's unexhausted federal habeas claims is appropriate when it is clear that the claims are procedurally barred under state law. *Gray v. Netherland*, 518 U.S. 152, 161 (1996) (citation omitted). When it

Order – Page 1

is clear that a petitioner's unexhausted federal claims would be dismissed for abuse of the writ if presented in a subsequent state writ application, they are procedurally barred in federal court. *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th Cir. 1998). Citation for abuse of the writ by the Texas Court of Criminal Appeals constitutes a procedural default that bars federal habeas review of the merits of a habeas petitioner's claims. *Fearance v. Scott*, 56 F.3d 633 (5th Cir. 1995). If Petitioner were to file another state writ application that included his unexhausted ineffective assistance of counsel claims, it would be denied under Texas's abuse-of-the-writ doctrine because he was required, but failed, to include all grounds for relief in his first state petition, including the ineffective assistance of counsel claims that he now asserts in this action, and Petitioner has not shown cause for the failure to raise these claims in his first state habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Thus, Petitioner's ineffective assistance of counsel claims are procedurally barred from federal habeas review and will be dismissed with prejudice as recommended by the magistrate judge.

Accordingly, after carefully reviewing the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge, are correct, **accepts** them as those of the court, and **dismisses with prejudice** this habeas action for the reasons stated in the magistrate judge's Report as supplemented by this order.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 31st day of May, 2018.

Sam A. Lindsay
United States District Judge

by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.